UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TIRRANCE COOPER,**

    **Petitioner,**

-vs-                                    **Case No.  8:08-CV-5-T-27MAP**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    **Respondent.**
_____/

## ORDER

Petitioner Tirrance Cooper (hereinafter "Petitioner") petitions for the writ of habeas corpus pursuant to Title 28 U.S.C. § 2254 ("petition"). (Dkt. 1).[1] Petitioner challenges his convictions for armed robbery with a firearm, nine counts of kidnapping, trespass to an occupied structure, and possession of a firearm by a convicted felon entered by the Twelfth Judicial Circuit Court in Sarasota County, Florida, in case no. 96-CF-6874. (Dkt. 1).  Respondent has filed a response to the petition. (Dkt. 15).  Petitioner has filed a reply to Respondent's response.  (Dkt. 18).  After consideration, Petitioner's petition is DENIED.

## BACKGROUND

Petitioner was charged by Information with armed robbery with a firearm, nine counts of kidnapping, and burglary to an occupied dwelling. (Respondent's Ex. 2 at p. 2).  An additional count of felon in possession of a firearm was severed for trial and was disposed of separately by entry of a plea. (Respondent's Ex. 1).  Petitioner proceeded to jury trial and was convicted as charged on the

---

[1] Petitioner filed a memorandum of law in support of his petition.  (Dkt. 2).

robbery and kidnapping counts, and he was found guilty of the lesser offense of trespass to an occupied structure. (Respondent's Ex. 2 at p. 2). Petitioner was sentenced to concurrent life sentences as a habitual violent felony offender with minimum mandatory prison terms for use of a firearm. He received time served on the misdemeanor trespassing conviction, and a life sentence for the felon in possession of a firearm conviction. (Id.). The appellate court per curiam affirmed Petitioner's convictions and sentences. (Id.); *Cooper v. State*, 722 So. 2d 197 (Fla. 2d DCA 1998) [table].

On May 3, 1999, Petitioner filed a post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.850 in the state circuit court. (Id.). On May 5, 1999, the circuit court denied Petitioner's post-conviction motion. (Id. at pp. 3-4). On June 30, 1999, the appellate court affirmed the denial of post-conviction relief. (Id. at p. 4); *Cooper v. State*, 737 So. 2d 1086 (Fla. 2d DCA 1999) [table].

On August 4, 1999, Petitioner filed a petition for the writ of habeas corpus in this Court in Case No. 8:99-cv-1832-T-24. In that petition, Petitioner raised two grounds for relief: (1) the evidence was insufficient to support the kidnapping convictions; and (2) trial counsel was ineffective in failing to argue in support of his motion for judgment of acquittal that the State failed to prove that Petitioner entered the supermarket with intent to commit or facilitate the kidnappings during the commission of the robbery. (Respondent's Ex. 3 at pp. 1-2). On June 29, 2000, this Court rejected Petitioner's claims on the merits, and denied Petitioner's federal habeas petition. (Id. at pp. 1-6).

In 2001, Petitioner filed in state court a motion to correct illegal sentence, which was denied. (Dkt. 15 at p. 3). The appellate court affirmed in part and reversed in part, holding that the judgment assessing enhanced life sentences for armed robbery and kidnapping was affirmed. (Respondent's

Ex. 4); *Cooper v. State*, 800 So. 2d 243 (Fla. 2d DCA 2001). The appellate court, however, remanded for further proceedings on the habitualized kidnapping counts, and also held that the habitual violent felony offender life sentence on the second-degree felony of possession of a firearm by a convicted felon was illegal. (Id.). On April 1, 2002, the state circuit court resentenced Petitioner on the felon in possession of a firearm conviction to 30 years imprisonment as a habitual violent felony offender. (Respondent's Exs. 5, 6).

On September 10, 2003, Petitioner filed a Rule 3.850 motion for post-conviction relief (Respondent's Ex. 7). The state court denied the Rule 3.850 motion on September 19, 2003 (Respondent's Ex. 8). On August 13, 2004, the appellate court affirmed the denial of four of the claims, but remanded for resentencing on the kidnapping counts. (Respondent's Ex. 9); *Cooper v. State*, 884 So. 2d 286 (Fla. 2d DCA 2004). Petitioner was resentenced to concurrent 215 months imprisonment on each of the kidnapping counts. (Respondent's Ex. 10). On August 30, 2006, the appellate court per curiam affirmed Petitioner's resentencing judgment. (Respondent's Ex. 11); *Cooper v. State*, 937 So. 2d 130 (Fla. 2d DCA 2006) [table].

On January 22, 2007, Petitioner filed another Rule 3.850 motion. (Respondent's Ex. 13). The state court denied the motion on January 29, 2007. (Id.). On May 16, 2007, the appellate court per curiam affirmed, with citations, the denial of the Rule 3.850 motion. (Respondent's Ex. 15); *Cooper v. State*, 958 So. 2d 929 (Fla. 2d DCA 2007) [table].

Petitioner constructively filed his federal habeas petition in this Court on December 31, 2007. (Dkt. 1).[2] In his petition, Petitioner raises three grounds for relief:

---

[2] Respondent does not challenge the timeliness of the petition.

3

Ground One: Petitioner's nolo contendere plea to the possession of a firearm by a convicted felon charge was involuntary because he was not sentenced to 15 years in prison in accordance with his plea agreement.

Ground Two: There was insufficient evidence to support the armed kidnapping convictions.

Ground Three: The State failed to provide him with adequate notice of its intent to seek an enhanced sentence as a violent habitual felony offender.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law, including constitutional issues, must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362, 386 (2000). It is not enough that the federal courts believe that the state court was wrong; the state court decision must have been "objectively unreasonable." *Id.*; *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

**Procedural Default**

A § 2254 application cannot be granted unless a petitioner "has exhausted the remedies available in the courts of the State; . . ." 28 U.S.C. 2254(b)(1)(A); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998). In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). *See also, Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003)("A state prisoner seeking federal habeas relief cannot raise a federal

4

constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Duncan v. Henry*, 513 U.S. 364 (1995)("[E]xhaustion of state remedies requires that the state prisoner 'fairly present' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights[.]'") (citation omitted).

Under the procedural default doctrine, "if the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." *Henderson*, 353 F.3d at 891 (quoting *Judd v. Haley*, 250 F.3d at 1313).

Pre-AEDPA decisions from the Supreme Court establish the framework governing procedural default in federal habeas cases. A procedural default will only be excused in two narrow circumstances. First, petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the default. "Cause" ordinarily requires petitioner to demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court. *Henderson*, 353 F.3d at 892; *Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995).

To show "prejudice," the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his factual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th

Cir. 1991) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). The petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892.

Second, a petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if such review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Henderson*, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Henderson*, 353 F.3d at 892. The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (citing *Calderon v. Thompson*, 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986) (explaining a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'to be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon*, 523 U.S. at 559 (quoting *Schlup*, 513 U.S. at 324) (explaining "given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected") (internal quotation marks omitted). The *Schlup* Court stated the petitioner must show constitutional error coupled with "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." *Schlup*, 513 U.S. at 324. This fundamental miscarriage of justice exception is not available

unless "the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Ward v. Cain*, 53 F. 3d 106, 108 (5th Cir. 1995)(denying certificate of probable cause)(footnote omitted).

## DISCUSSION

**Ground One**

Petitioner is serving a 30 year sentence on his conviction of possession of a firearm by a convicted felon, having been enhanced as a habitual violent felony offender under Florida law.[3]  In Ground One, Petitioner contends that his nolo contendere plea to this charge was involuntary because he signed a plea agreement specifying a 15 year sentence.  He asserts that "he is entitled to specific performance of an agreement which he enters with the State Attorney, or Assistant, and which induces his nolo contendere plea." (Dkt. 1 at p. 9).  In his memorandum of law, Petitioner asserts that he "had a reasonable basis for relying upon the signed plea agreement that he would receive a fifteen (15) years prison sentence." (Dkt. 9 at p. 2).  Petitioner claims that if he had known that he would be sentenced to more than 15 years, he would not have pled guilty but would have insisted on going to trial.

---

[3]  Petitioner was originally sentenced to life in prison as a habitual violent offender on this charge.  After a successful appeal from the denial of his motion to correct illegal sentence, he was resentenced to 30 years as a habitual violent felony offender.

In Florida, "[p]ossession of a firearm by a convicted felon is a second degree felony punishable by a term not exceeding 15 years in prison." *Latson v. State*, 882 So. 2d 1091, 1092 (Fla. 1st DCA 2004).  Petitioner, however, was provided notice by the State that it intended to seek an enhanced penalty pursuant to Fla. Stat., Section 775.084. (Respondent's Ex. 1, Vol. I at p. 90).  "[S]ection 775.084...the habitual offender statute, provides that as to certain qualified defendants, the general statutory maximum length of sentence provided for in section 775.082, Florida Statutes, shall be enhanced and the permissible maximum term of confinement extended." *Inscho v. State*, 521 So. 2d 164, 165 (Fla. 5th DCA 1988).  Petitioner was re-sentenced to 30 years in prison as a habitual violent felony offender pursuant to Section 775.084. (Respondent's Ex. 6).

**Not a successive claim**

Initially, Respondent asserts that Ground One should be dismissed as successive because the claim attacks Petitioner's original (1997) judgment, rather than his resentencing judgment. Respondent argues that because Petitioner could have challenged the voluntariness of his no contest plea in his first federal habeas petition filed in 1999, the claim is successive and this Court lacks jurisdiction. The Court disagrees.[4]

First, prior to filing this federal habeas petition, Petitioner applied to the Eleventh Circuit Court of Appeals for permission to file a successive petition. (Respondent's Ex. 17). The Eleventh Circuit denied the application as unnecessary because Petitioner's claims attacked his 2002 resentencing judgment and therefore would not be successive as to his 1999 federal petition. (Respondent's Ex. 18).

Second, *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), held that a habeas corpus petition filed after resentencing based on prior habeas relief was not barred as a second or successive petition under 28 U.S.C.S. § 2244(b), even though the inmate could have raised the alleged error in the prior petition, since the second petition challenged the new sentence and judgment for the first time. The Court reasoned that "where...there is a new judgment intervening between [] two habeas corpus petitions, an application challenging the resulting new judgment is not second or successive at all." *Id.* at 2802 (internal citation and quotations omitted).

In Ground One, Petitioner challenges his 30 year sentence imposed at the resentencing, a judgment which constitutes a "new judgment intervening between the two habeas petitions." *Id.* at

---

[4] For the reasons expressed *infra*, Grounds Two and Three of the petition likewise will not be dismissed as successive.

2801. Accordingly, the petition is not second or successive under *Magwood*, even though he could have challenged the knowing and voluntary nature of his plea in his first federal petition.[5] Notwithstanding, the record demonstrates that Ground One is without merit.

**Petitioner did not have a plea agreement specifying a particular sentence**

Petitioner raised the claim he raises in Ground One in his September 10, 2003 Florida Rule 3.850 motion for post-conviction relief. (Respondent's Ex. 7). The state court denied the claim, finding:

> In sum, the Defendant claims his sentence on the one count he originally entered a nolo contendere plea on before trial was supposed to be fifteen years and that after his successful appeal of an earlier motion for postconviction relief resulted in a resentencing on that count, he was sentenced to thirty years. The Defendant claims he signed a plea agreement for fifteen years and that he would not have entered a plea if he had known that he would be sentenced to thirty years.
>
> The Defendant's Motion is denied. First, the Defendant's claim is facially insufficient in that he does not allege counsel mislead him about the sentence he was to receive. Further, the plea agreement that he signed only contained a notation as to the maximum sentence and did not contain a negotiated promise of a fifteen year sentence.

(Respondent's Ex. 8 at pp. 615-16).

Petitioner attaches the document he contends is his "plea agreement" to his petition as Exhibit "A." (Dkt. 1). First, contrary to Petitioner's conclusory claim, this document is not a plea agreement. Rather, it is an acknowledgment of rights form signed by Petitioner and his attorney incident to his nolo contendere plea.[6] Moreover, this document does not promise Petitioner a

---

[5] Respondent argues that Petitioner could have raised the claim in his first habeas petition because Petitioner was originally sentenced to life imprisonment on the possession of a firearm conviction. However, "an error made a second time is still a new error." *Magwood*, 130 S. Ct. at 2801.

[6] Rather than a plea agreement, the document is actually an "Acknowledgment and Waiver of Rights" form Petitioner and his attorney signed on April 21, 1997, incident to his no contest plea. (Respondent's Ex. 1). Petitioner contends that this waiver form is his "plea agreement." (Dkt. 1 at p. 9; Dkt. 1-1 at pp. 1-2). Notwithstanding its title, the state post-conviction court likewise referred to the waiver form as Petitioner's "plea agreement." (Respondent's Ex. 8 at pp. 615-16). Regardless, the form belies Petitioner's contention that he plead to a negotiated 15 year sentence.

particular sentence.

In his state Rule 3.850 motion, Petitioner contended in pertinent part that "on April 21, 1997, [he] signed a plea agreement for a fifteen (15) year sentence for count five (v), possession of a firearm by a convicted felon." However, as the state post conviction court correctly found, the document Petitioner considers to be his plea agreement advises only that the maximum penalty is 15 yrs and does not, contrary to Petitioner's contention, "contain a negotiated promise of a fifteen year sentence." (Respondent's Ex. 1).

Paragraph 7 of the form provides: "Other than the proposed sentence set out in Paragraph 6, no one has made any promises or guarantees to me, nor in any way forced or threatened me to enter this plea. I am doing this freely and voluntarily." (Id.). In paragraph 6, where a negotiated sentence would have been specified, there is no promise or specified sentence. Paragraph 6 is left blank, save the notation that Petitioner was adjudicated and scheduled for sentencing in May.

Thus, the very document Petitioner relies on as his plea agreement in Ground One demonstrates on its face that the state court's factual determination that "the plea agreement that [Petitioner] signed only contained a notation as to the maximum sentence and did not contain a negotiated promise of a fifteen year sentence[]" was not an unreasonable determination of the facts.[7] Consequently, Petitioner has not established that he entered into a plea agreement that promised him a fifteen year sentence and therefore cannot show that his plea was involuntary based on a sentence imposed in violation of a plea agreement.[8]

---

[7] Significantly, at no time during either the original sentencing hearing (Respondent's Ex. 19, Vol. VII - Transcript of May 8, 1997 sentencing hearing), or the re-sentencing hearing (Respondent's Ex. 6) did Petitioner or his attorneys mention a plea agreement, or object on the ground that the sentence violated a plea agreement.

[8] Even if Petitioner could establish that he understood he had a plea agreement calling for a 15 year sentence, his claim that his no contest plea was rendered involuntary because the state breached the alleged plea agreement would

The state court's factual finding that the claimed plea agreement did not contain a negotiated 15 year sentence is presumptively correct unless rebutted by clear and convincing evidence. Petitioner has not and cannot demonstrate that the state court's factual finding was incorrect. The state courts' denial of Petitioner's claim is neither contrary to nor an unreasonable application of clearly established Supreme Court law. Ground One is due to be denied.

## New claim raised for the first time in the Reply

In his reply to Respondent's response, Petitioner adds a new contention, that he "was told by counsel, that if he signed the plea agreement he would receive fifteen years imprisonment." (Dkt. 18 at p. 7). In his affidavit attached to his reply, Petitioner states in pertinent part that "if [he] would have known that the advise [sic] I received from my trial counsel was misleading, [he] would not have change [sic] his not guilty plea to nolo contender [sic], but insisted on going to jury trial." (Id. a p. 17).

## New claim is procedurally defaulted

First, this contention is procedurally defaulted. To the extent Petitioner raised this contention in his September 2003 state Rule 3.850 motion, the state post-conviction court denied the claim as facially insufficient. (Respondent's Ex. 8 at p. 615). The appellate court silently affirmed the denial of this claim. (Respondent's Ex. 9). The claim is therefore procedurally defaulted since the state courts did not review it on the merits. *See Harmon v. Barton*, 894 F. 2d 1268, 1273 (11th Cir. 1990)

---

be without merit. *Cf. Puckett v. United States*, 129 S. Ct. 1423, 1430 (2009) ("[T]here is nothing to support the proposition that the Government's breach of a plea agreement retroactively causes the defendant's agreement to have been unknowing or involuntary...[I]t is entirely clear that a breach does not cause the guilty plea, when entered, to have been unknowing or involuntary."). Rather, when a promise in a plea agreement is not met, "the defendant is entitled to seek a remedy, which might in some cases be rescission of the agreement, allowing him to take back the consideration he has furnished, i.e., to withdraw his plea." *Puckett*, 129 S. Ct. at 1430.

("Florida appellate court's per curiam affirmance of trial court's ruling denying postconviction relief explicitly based on procedural default was a clear and express statement of reliance on independent and adequate state ground which barred consideration by federal court of same claim in habeas proceeding."). *See also, e.g., Harris v. State*, 801 So. 2d 973 (Fla. 2d DCA 2001) (affirming trial court's denial of claims raised in Rule 3.850 motion as facially insufficient, without prejudice to any right petitioner had to file a facially sufficient Rule 3.850 motion). The record does not reflect that Petitioner corrected the facial insufficiency by way of amendment or otherwise.

As a threshold matter, Petitioner requests an evidentiary hearing, which is denied. (Dkt. 18 at p. 6). Evidentiary hearings in federal habeas proceedings are authorized by Rule 8 of the Rules Governing § 2254 Cases only in limited circumstances. To warrant an evidentiary hearing, a "prisoner must be diligent [in state court] in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, and the failure contributes to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met." *(Michael) Williams v. Taylor*, 529 U.S. 420, 437 (2000). Those "stringent requirements" are not implicated here. *See* § 2254(e)(2)(A)(i) and (ii) (requiring, as a preliminary matter, that the claim be based either on a new rule of law, or on facts not previously discoverable by due diligence).

In Florida, a defendant is not entitled to an evidentiary hearing on a Rule 3.850 motion unless "the trial court finds that the motion is facially sufficient, that the claim is not conclusively refuted by the record, and that the claim is not otherwise procedurally barred . . . ." *Jacobs v. State*, 880 So. 2d 548, 551 (Fla. 2004). Here, the state post-conviction court determined that Petitioner's claim was facially insufficient. (Respondent's Ex. 8 at p. 615). That determination was affirmed on appeal

12

without discussion. (Respondent's Ex. 9).  It follows that Petitioner's pleading deficiencies contributed to the lack of an adequate state court evidentiary record, and he is not entitled to an evidentiary hearing in federal court to develop his claim.

**Petitioner may not raise a new claim in his Reply**

Second, Petitioner's attempt to raise this new claim in a Reply is not authorized by the applicable rules.  Petitioner was required to state all of his claims in his petition. *See* Rule 2(c), Rules Governing Habeas Corpus Cases Under Section 2254 ("The petition must: (1) specify all the grounds for relief available to the petitioner . . .").  He may not amend his petition as a matter of course by including an new and independent claim in his reply brief, since Respondent had already served its answer. *See* Fed. R. Civ. P. 15(a) (a party is permitted to amend a pleading once "as a matter of course" at any time before a responsive pleading is served or, otherwise, only by leave of court or by written consent of the adverse party); Rule 11 of the Rules Governing Section 2254 Proceedings (district court may apply the Federal Rules of Civil Procedure consistent with the Rules Governing Section 2254 Proceedings).

The involuntary nolo contendere claim raised in Ground One is premised expressly and solely on what Petitioner contends was a sentence in violation of a plea agreement, an agreement which Petitioner claims induced him to plead guilty. (Dkt. 1, p. 6(a)("Petitioner [sic] plea of nolo contendere as to count five (V) is involuntary, because I was mislead that I would receive a sentence of fifteen (15) years imprisonment if I waive my right to a jury trial. . . Petitioner contends that he is entitled to specific performance of an agreement which he enters with the State Attorney, or Assistant, and which induces his nolo contendere plea."). This claim does not, even liberally construed, suggest a claim of ineffective assistance of counsel.

In sum, Petitioner did not raise this claim in his petition, did not seek leave to amend to add this claim, and is barred from raising it in his Reply, since Respondent has not been afforded an opportunity to address it. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) (traverse is not proper pleading to raise additional grounds for relief; in order for state to be properly advised of additional claims, they should be raised in amended petition or statement of additional claim); *see also*, *Klauer v. McNeil*, No. 3:07cv541/LAC/EMT, 2009 WL 2399928 at *30 (N.D. Fla. July 31, 2009); *Cleckler v. McNeil*, No. 3:07cv283/MCR/EMT, 2009 WL 700828 at *11 n.4 (N.D. Fla. Mar. 16, 2009). [9]

This Court is mindful of its responsibility to address and resolve all claims raised in a petition. *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir.1992)(instructing "the district courts to resolve all claims for relief raised *in a petition* for writ of habeas corpus pursuant to 28 U.S.C. § 2254.") (emphasis added); *Williams v. Florida Dept. of Corrections*, 391 Fed.Appx. 806, 810 (11th Cir. 2010). That said, nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply.

Simply put, this claim is an entirely new one, improperly asserted in a reply without authority by rule or leave of court. *Williams* is distinguishable. *Williams*, which reversed the district court because it failed to address two independent claims "detailed in his reply to the state's response," explained that the two claims were raised in response to the state's assertion "that William's

---

[9] Similar considerations bar an appellant from raising a new issue in a reply brief. *See Herring v. Secretary, Dept. of Corrections*, 397 F.3d 1338 (11th Cir. 2005) (arguments raised for the first time in a reply brief are not properly before a reviewing court.); *United States v. Coy*, 19 F.3d 629, 632 n.7 (11th Cir.1994)(citation omitted); *United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir. 2002) (Court need not address issue raised for first time in reply brief), *cert. denied*, 539 U.S. 951, 123 S. Ct. 2628, 156 L. Ed. 2d 643 (2003); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir. 1999) (issue raised for first time in reply brief waived); *United States v. Martinez*, 83 F.3d 371, 377 n.6 (11th Cir. 1996) (declining to consider arguments raised for the first time in a reply brief).

ineffective-assistance-of-appellate-counsel claim was too vague to warrant relief, and Williams replied by asserting facts that served to clarify and expand this claim." 391 Fed. Appx. at 811. The district court therefore erred in not addressing those claims.

Unlike the claims raised in the reply in *Williams*, the new claim Petitioner purports to raise in his Reply was not raised in response to any argument from the state in its answer brief. Nor was it raised to clarify or elaborate on the claims raised in the petition. It raises a new claim of involuntary plea based on ineffective assistance of counsel, wholly independent of his contention that he had a plea agreement which promised him a 15 year sentence. Accordingly, it may not be raised there for the first time and need not be addressed under *Clisby* or *Williams*.

Moreover, Petitioner's contention that his no contest plea was rendered involuntary because his attorney told him that if he signed the plea agreement/waiver form he would receive a 15 year sentence is refuted by Petitioner's express acknowledgment in Paragraph 7 of the "Acknowledgment and Waiver of Rights" form. There, he acknowledged that "[o]ther than the proposed sentence set out in Paragraph 6, *no one has made any promises or guarantees to me*..." (Respondent's Ex. 1) (emphasis added). As noted, there is no promises or guarantee or proposed sentence in paragraph 6.

Petitioner also acknowledged that he: 1) was admitting there was a factual basis to the charge to which he was pleading; 2) understood the rights that he was waiving by pleading nolo contendere; and (3) was not coerced into pleading nolo contendere, but that he did so freely and voluntarily. The Acknowledgment and Waiver of Rights form belies any contention that he was promised a sentence

of 15 years, or that his plea was unknowing and involuntary.[10] Petitioner's signature on the waiver

form demonstrates a knowing and voluntary plea without promise or guarantee from anyone. *Cf.*

*Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong

presumption of verity."); *United States v. Gwinnett*, 483 F.3d 200, 203-04 (3d Cir. 2007) (holding

that courts should look to the plea agreement and colloquy to evaluate knowing and voluntary nature

of waiver).

Finally, "[v]oluntariness [of a plea] is determined by examining all the relevant

circumstances surrounding it." *United States v. Oakes*, 411 F. Supp. 2d 1, 4 (D. Me. 2006) (citing

*Brady v. United States*, 397 U.S. 742, 748 (1970). After Petitioner entered his nolo contendere plea

and was originally sentenced to life imprisonment, he did not file a motion to withdraw the plea.

*Heatley v. State*, 636 So. 2d 153, 154 (Fla. 1st DCA 1994). Further, when he filed his first Rule

3.850 motion for post-conviction relief in 1999, Petitioner only alleged that his counsel was

ineffective in failing to sufficiently argue the motion for judgment of acquittal on the armed

kidnapping counts. (Respondent's Ex. 2 at pp. 3-4). In his first federal habeas petition, filed in this

Court in 1999, he did not raise an involuntary plea claim. (Respondent's Exs. 2, 3). During the 2002

state resentencing hearing, neither Petitioner or his new attorney alleged or informed the court that

Petitioner was misadvised by prior counsel, or entered into a plea agreement for a fifteen year prison

sentence. (Respondent's Ex. 6). It was not until he filed his Rule 3.850 motion on September 10,

2003, that he first raised the claim that his plea was involuntary. (Respondent's Ex. 7).

---

[10] Counsel for Respondent asserts that she "was unable to obtain a transcript of the change of plea hearing on the felon in possession of a firearm charge..." (Dkt. 26). She further asserts that "no transcript was produced[,]" the court reporter's "notes could not be found[,]" and "the reporter's office no longer has notes or transcripts from proceedings prior to 1999." (Id.).

In *United States v. Doyle*, 981 F.2d 591 (1st Cir. 1992), the court stated in pertinent part:

> While an immediate change of heart may well lend considerable force to a plea withdrawal request, a long interval between the plea and the request often weakens any claim that the plea was entered in confusion or under false pretenses. *See United States v. Daniels*, 821 F.2d 76, 79 (1st Cir. 1987); *United States v. Ramos*, 810 F.2d 308, 313 (1st Cir. 1987); *United States v. Barker*, 514 F.2d 208, 222 (D.C. Cir.), *cert. denied*, 421 U.S. 1013 (1975). Put another way, excessive delay saps strength from any proffered reason for withdrawal. *See Barker*, 514 F.2d at 222 (observing that, "if the defendant has long delayed his withdrawal motion, . . . the reasons given to support withdrawal must have considerably more force"). Here, appellant's timing belies his rationale.

*Id.* at 595. In this case, the unexplained delay of over six years before Petitioner raised his involuntary plea claim belies his contention that he was promised a sentence of 15 years by his attorney.

Moreover, when determining whether a plea was entered voluntarily, a court may consider the strength of the case against the defendant. *Cf. Brady*, 397 U.S. at 749. The record discloses an overwhelming case against Petitioner. In Florida, to prove possession of a firearm by a convicted felon, the "only two elements the state needs to prove are: (1) that [defendant] was a convicted felon, and (2) he was in possession of a firearm." *McCallum v. State*, 537 So. 2d 122, 124 (Fla. 1st DCA 1988).

Before he pled nolo contendere to the charge of possession of a firearm by a convicted felon, Petitioner was convicted of robbery with a firearm. (Respondent's Ex. 19, Vol. II at p. 274). The jury had therefore already determined that Petitioner possessed a firearm during the robbery. *See State v. Mateen*, 678 So. 2d 449, 451 (Fla. 2d DCA 1996) ("Because Hill was found guilty of attempted voluntary manslaughter with a firearm and attempted robbery with a firearm, he cannot argue that the jury found that he did not possess a firearm."). At the time of the robbery, Petitioner

was a convicted felon. (Respondent's Ex. 19, Vol. VIII at pp. 693-94; Vol. II at pp. 299-310). The strength of the State's case against Petitioner on the charge of possession of a firearm by a convicted felon was overwhelming.

Accordingly, Ground One does not warrant relief.

**Ground Two**

In Ground Two, Petitioner contends that there was insufficient evidence to convict him of kidnapping. Petitioner raised the same claim in his first federal habeas petition in this Court in Case No. 8:99-cv-1832-T-24. (Respondent's Ex. 3). This Court denied the claim on the merits, finding that there was sufficient evidence to establish the essential elements of kidnapping under Florida law. (Id. at pp. 2-6). The Eleventh Circuit Court of Appeals denied Petitioner's application for a certificate of appealability because he failed to make a substantial showing of the denial of a constitutional right. (See Case No. 8:99-cv-1832-T-24 at Dkt. 16).

Even if *Magwood* dictates that Petitioner's petition is not second or successive, the law of the case doctrine forecloses re-litigation of issues expressly or impliedly decided by the appellate court. "Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision *in the same case*." *Brewer v. United States*, 318 F. App'x 804, 805 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Although Petitioner's prior habeas petition received a separate case number from the case number assigned to the instant petition, this Court is persuaded by the conclusion reached by the court in *Magwood v. Jones*, 472 F. Supp. 2d 1333 (M.D. Ala. 2007) that "all federal habeas challenges arising from a state-criminal trial, regardless of whether the defendant was resentenced as a result of a successful habeas challenge, are part of the same 'case' for purposes of the application of the law-of-the-case doctrine."

*Id.* at 1340. Accordingly, the Eleventh Circuit's conclusion that Petitioner failed to make a substantial showing of the denial of a constitutional right is the law of the case and governs this Court's analysis of the insufficiency of the evidence claim raised in Ground Two of the instant petition, unless some exception to that doctrine is present.

"The [law of the case] doctrine operates to preclude courts from revisiting issues that were decided explicitly or by necessary implication in a prior appeal," with three limited exceptions. *Brewer v. United States*, 318 F. App'x at 805. A court may consider issues when: "(1) the evidence on a subsequent trial was substantially different; (2) controlling authority has since made a contrary decision of the law applicable to such issues; or (3) the decision was clearly erroneous and would work a manifest injustice." *Id.* (internal quotation marks omitted).

In Ground Two , Petitioner raises the identical claim that he raised in his first habeas petition in this Court, i.e., the evidence was insufficient to support the kidnapping convictions. (See Respondent's Exs. 2, 3). Petitioner has not alleged that any of the exceptions to the law of the case doctrine apply, and this Court likewise concludes that no exceptions to the law of the case doctrine are implicated in this case. This Court is therefore prohibited from addressing any of the issues Petitioner now raises that the Eleventh Circuit decided, either expressly or impliedly, in its order declining to issue Petitioner a certificate of appealability. Accordingly, the Court is precluded from revisiting the claim raised in Ground Two of the instant petition.

Finally and alternatively, after consideration of the state trial record and transcript (Respondent's Ex. 19, Volumes I-VII), this Court concludes that Ground Two is without merit for the reasons set forth in this Court's June 29, 2000 Order denying Ground One of Petitioner's habeas petition filed in Case No. 8:99-cv-1832-T-24B (Respondent's Ex. 3 at pp. 2-6).

Accordingly, Ground Two does not warrant federal habeas relief.

**Ground Three**

In Ground Three, Petitioner complains that the State failed to provide him with adequate notice of its intent to seek an enhanced sentence as a violent habitual felony offender.[11] He asserts that he has a liberty interest in the State of Florida adhering to its own sentencing procedures. Thus, he argues, the State's failure to comply with its procedure of providing adequate notice to a defendant that it intends to pursue an enhanced sentence denied him due process of law.

First, the Court agrees with Respondent that Ground Three is procedurally defaulted. A petitioner must present his claims to the state courts before raising them in federal court. "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971). *Accord, Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated."). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are

---

[11] "Section 775.084 contains the definitions, procedures, and sentencing penalties for three separate classifications -- violent career criminals (the Gort sentencing enhancements), habitual felony offenders, and habitual violent felony offenders." *State v. Bell*, 747 So. 2d 1028, 1029 (Fla. 3rd DCA 1999). Petitioner asserts that the State's notice was inadequate because it did not give him notice of the precise sentencing enhancement being sought by the State.

asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan*, 513 U.S. at 364.

In his brief on appeal from the denial of his post-conviction motion, Petitioner presented his claim concerning the inadequacy of the State's notice of its intent to seek an enhanced sentence. (Respondent's Ex. 14).  He did not, however, present the issue as a federal due process violation claim. (Id.).  Accordingly, Petitioner did not fairly present his federal "due process" claim to the state appellate court, and therefore the issue has not been exhausted.  Moreover, Petitioner would now be barred from raising his constitutional claim before the state court.  Florida law procedurally bars new claims or claims that have already been raised in prior petitions when "the circumstances upon which they are based were known or should have been known at the time the prior petition was filed." *Johnson v. Singletary*, 647 So.2d 106, 109 (Fla. 1994).

In order to overcome this procedural bar in federal court, petitioners must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Petitioner has shown neither cause and prejudice nor a fundamental miscarriage of justice, and the issue is no longer capable of being considered by the Florida courts. Therefore, the federal due process issue concerning the adequacy of the State's notice of its intent to seek an enhanced sentence is procedurally defaulted.

Second, to the extent Petitioner asserts that the State failed to adhere to its own sentencing procedures, the claim is a matter of state law not cognizable on federal habeas review.  Pursuant to

28 U.S.C. § 2254(a), a federal habeas petition by a state inmate is cognizable "only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* A state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983) (per curiam); *Smith v. Wainwright*, 741 F.2d 1248, 1258 (11th Cir. 1984); *Beverly v. Jones*, 854 F.2d 412, 416 (11th Cir. 1988). Federal review is precluded even when state law claims are couched in terms of due process or equal protection. *See Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976). Consequently, Petitioner's claim that the State's notice of its intent to seek an enhanced sentence as a violent habitual felony offender was inadequate under Florida law is not cognizable in this action, and must be denied.[12]

Accordingly, for the foregoing reasons Ground Three does not warrant federal habeas relief.

## EVIDENTIARY HEARING

An evidentiary hearing is unnecessary as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002).

Accordingly, the Court **ORDERS** that the petition for writ of habeas corpus (Dkt. 1) is **DENIED**. The clerk is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

---

[12] The Court notes that the state trial court ruled that the State's notice was adequate under controlling state law. (Respondent's Ex. 13). *See Royal v. State*, 908 So. 2d 1167 (Fla. 2d DCA 2005) ("[T]he State's 'shotgun' notice of intent to seek enhanced penalties pursuant to section 775.084, Florida Statutes (1995), provided Royal with adequate notice of the classification and penalty he would be subject to upon conviction.") (citing *Washington v. State*, 895 So. 2d 1141 (Fla. 4th DCA 2005)).

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA"). (Id.). "A [COA] may issue... only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on  28th of February, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copy to:
Petitioner, *pro se*
Counsel of Record